UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Paula White-Harris,<br><br>    Plaintiff<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>    Defendant | 2:15-cv-01340-JAD-NJK<br><br>**Order and Judgment Affirming Denial of Social Security Benefits**<br><br>[ECF Nos. 19, 26, 28[1]] |

Plaintiff Paula White-Harris applied for disability insurance based on her various physical and mental impairments.[2] The Social Security Administration (the '"Commissioner") denied her application,[3] and an Administrative Law Judge upheld the agency's decision.[4] The ALJ's decision therefore became the Commissioner's final decision. Harris now seeks judicial review of that decision, arguing that I should reverse it or remand the case back to the Commissioner.

I referred this case to U.S. Magistrate Nancy Koppe for findings and recommendations on Harris's motion to remand and the Commissioner's cross-motion to affirm the denial. After thoroughly evaluating the parties' arguments, Judge Koppe recommends that I deny Harris's motion and grant the Commissioner's cross-motion to affirm.[5] Harris objects.[6] She raises various arguments, but having reviewed the record de novo, I agree with Judge Koppe that the ALJ's decision was supported by substantial evidence and not based on legal error. I thus deny Harris's

---

[1] I find these motions suitable for disposition without oral argument. Nev. L.R. 78-2.

[2] Administrative Record ("AR") 199–211.

[3] *Id.* at 149–52, 156–62.

[4] *Id.* at 19–30.

[5] ECF No. 28.

[6] ECF No. 29.

1  motion, grant the Commissioner's motion to affirm, and adopt Judge Koppe's recommendation.

## Discussion

Harris offers five objections to Magistrate Judge Koppe's report: "(1) the Magistrate did not hold Defendant to the 'substantial evidence' standard of review"; "(2) the Magistrate improperly rejected compelling arguments made by Plaintiff as 'waived'"; (3) the Magistrate wrongly found Harris not credible; (4) the magistrate judge misapplied the rules for crediting a claimant's treating physician; and (5) the magistrate judge wrongly affirmed the "ALJ's failure to consider Plaintiff's impairments in combination."[7]

Two of these objections warrant little attention. Harris's first objection is simply that there is not substantial evidence to support the ALJ's determinations.[8] But she provides no analysis or evidence to support this argument, so I need not consider it.[9] Harris's second objection is similarly without merit: the ALJ was within her discretion when she deemed as waived the arguments Harris raised for the first time in her reply briefing.[10] This leaves me to evaluate just three arguments: (1) whether the ALJ's credibility determination was proper, (2) whether the ALJ misapplied the rules governing treating physicians, and (3) whether the ALJ wrongly ignored Harris's arguments about combining her disabilities.

**A.    Standard of Review**

I may set the ALJ's determination aside only if the ALJ's finding is not supported by substantial evidence or is based on legal error.[11] "Substantial evidence means more than a scintilla but less than a preponderance"; it is evidence that "a reasonable person might accept as adequate to

---

[7] ECF No. 29 at 1–2.

[8] *Id.* at 2.

[9] *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013); Nev. LR 7-2(d).

[10] *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010).

[11] *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997); *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

support a conclusion."[12]  If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm.[13]  I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[14]  I may also order the Commissioner to collect additional evidence, "but only upon a showing that there is new evidence [that] is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[15]

Harris is entitled to disability benefits under the Social Security Act if she (a) "suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders [her] incapable of performing the work . . . [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy."[16]  If Harris demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Harris can perform a significant number of other jobs that exist in the national economy.[17]

**B.    The ALJ's credibility determinations are adequately supported by the record**.

Harris argues that the ALJ was predisposed to disbelieving Harris, and that her finding that Harris was not credible is unsupported by the record.  But the ALJ's adverse credibility finding was well supported by substantial evidence.  Harris's evaluators found her to be untrustworthy.  The ALJ noted that Dr. Cross opined that Harris was not reliable, exaggerated her symptoms, and was not

---

[12] *Flaten v. Sect'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

[13] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

[14] 42 U.S.C. § 405(g).

[15] *Id.*

[16] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

[17] *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

truthful.[18] And evidence in the record contradicted Harris's statements about her conditions.

The ALJ relied on the fact that objective evidence did not support Harris's subjective claims about pain in her wrists, knees, abdomen, back, and her mental status.[19] The ALJ also pointed to Harris's overall lack of treatment and that her evaluating doctors found that she required no significant treatment.[20] Finally, the ALJ relied on the fact that Harris admitted that she was able to do daily activities—including paying bills, cooking, cleaning, shopping, and driving—which contradicted her testimony before the ALJ.[21] In sum, the ALJ's credibility finding was well supported by substantial evidence.

### C. The ALJ's decision to discount the opinion from Harris's treating physician is supported by the record.

Harris next argues that the ALJ wrongly discounted the opinion of her treating physician. Generally, "[t]he opinions of the applicant's treating physicians are entitled to more weight than the opinions of doctors who do not treat the claimant."[22] But an ALJ may reject a treating physician's opinion if there is substantial evidence contradicting it.[23] When rejecting a treating physician's opinion, the ALJ should cite "specific and legitimate reasons" for doing so.[24]

The ALJ identified specific, legitimate reasons for discounting Harris's treating physician's

---

[18] ECF No. 15-1 at 490; *id.* at 492 ("The claimant has inconsistences and appears to be exaggerating.").

[19] *See* ECF. No. 15-1 at 507–10 (physicians finding no significant problems with wrists, knees, legs, or ankles); *id.* at 518 (same); *id.* at 441 (reporting no pain); *id.* at 490–93 (psychological evaluation showing Harris capable of carrying out complex instructions, etc.); *id.* at 631 (additional psychiatric evaluation showing largely normal results); *id.* at 675–78 (evaluation showing Harris able to carry out most mental abilities needed for unskilled work).

[20] *Id.* at 549, 659, 625–28.

[21] *See id.* at 491–92 (Harris reporting she is able to take care of her basic needs).

[22] *Hostrawser v. Astrue*, 364 F. App'x 373, 375 (9th Cir. 2010).

[23] *Id.*

[24] *Orn v. Astrue*, 495 F. 3d 625, 634 (9th Cir. 2007).

opinion, and those reasons are supported by substantial evidence in the record. The ALJ discounted the opinion of Harris's treating physician, Dr. Nwaba, because her opinion was inconsistent with the objective evidence in the record, which showed mostly normal evaluations.[25] Dr. Cross's opinion contradicted Harris's treating physician as well—and Cross's opinion was based on an in-person examination and specific facts.[26] Dr. Cross's opinion and the objective evidence contradicting Harris's treating physician is substantial evidence supporting the ALJ's decision to discount Harris's treating physician's opinion.[27]

**D.  The ALJ properly considered Harris's impairments together.**

Harris finally offers a conclusory objection that the ALJ failed to consider the combined impact of Harris's impairments. But in rejecting her claim, the ALJ considered all of the evidence in the record about Harris's impairments. The ALJ considered plaintiff's allegations, albeit discounted because of her adverse credibility determination.[28] And the ALJ considered Harris's physicians' opinions about her impairments.[29] The ALJ took all of this evidence into account when denying Harris's claim. I thus find that the ALJ did not improperly fail to consider Harris's impairments in combination.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Paula White-Harris's Motion for Summary Judgment **[ECF 19] is DENIED** and that her Objections to Magistrate Judge Koppe's Report and Recommendation **[ECF 29] are OVERRULED**.

---

[25] *See* ECF. No. 15-1 at 507–10; *id.* at 518; *id.* at 441; *id.* at 490–93; *id.* at 631; *id.* at 675–78.

[26] *See id.* at at 490–91; *see also id.* at 33–35.

[27] *See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2002).

[28] ECF. No. 15-1 at 25–27.

[29] *Id.* at 28.

1     IT IS FURTHER ORDERED that Magistrate Judge Koppe's Report and Recommendation **[ECF 28] is ADOPTED and** the Commissioner's Cross-Motion to Affirm **[ECF 26] is GRANTED.**

    Dated this 24th day of October, 2016

                                             _____
                                               Jennifer A. Dorsey
                                               United States District Judge